UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON BURIES,<br>　　　　Plaintiff,<br>　　v.<br>JOHNSON & JOHNSON, et al.,<br>　　　　Defendants. | Case No. 15-cv-04282-HSG<br><br>**ORDER STAYING CASE**<br>Re: Dkt. No. 43 |
| LATONYA BOHANNON,<br>　　　　Plaintiff,<br>　　v.<br>JOHNSON & JOHNSON, et al.,<br>　　　　Defendants. | Case No. 15-cv-04295-HSG<br><br>Re: Dkt. No. 40 |

Defendant McKesson Corporation filed a motion for judgment on the pleadings on October 9, 2015. Dkt. No. 21.[1] On October 19, 2015, Plaintiff Don Buries filed a motion to remand. Dkt. No. 24. On October 21, 2015, Plaintiff filed a motion to stay briefing on Defendant McKesson's motion for judgment on the pleadings. Dkt. No. 29. A hearing on all three motions is currently scheduled for December 3, 2015.

On November 18, 2015, the United States Judicial Panel on Multidistrict Litigation ("MDL Panel") filed a conditional transfer order encompassing the above-captioned cases. MDL No. 2642, Dkt. No. 157. On November 23, 2015, the plaintiffs in the above-captioned cases filed a

---

[1] All docket citations herein refer to the docket in *Buries v. Johnson & Johnson et al.*, No. 15-cv-4282-HSG. The relevant procedural history in the *Buries* case is identical to the procedural history in *Bohannon v. Johnson & Johnson et al.*, No. 15-cv-04295-HSG, unless otherwise noted.

notice of opposition to the conditional transfer order. *Id.*, Dkt. No. 160. The MDL Panel has set a briefing schedule for the plaintiffs' motion to vacate the conditional transfer order. *Id.*, Dkt. No. 162.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In order to issue a stay, courts consider: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55). Whether to stay an action is a matter entrusted to the discretion of the district court. *See Landis*, 299 U.S. at 254 ("How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.").

The Court finds in its discretion that both the parties' and judicial resources will be most efficiently used if these cases are stayed until the MDL Panel decides whether to vacate the conditional transfer order. Deference to the MDL Panel allows for the uniformity, consistency, and predictability in litigation that underlies the MDL system. *See* 28 U.S.C. § 1407. Moreover, the stay will be of limited duration. Therefore, it is unlikely that any damage will result from the granting of the stay. Accordingly, the above-captioned cases are STAYED until the MDL Panel's resolution of the plaintiffs' motions to vacate the conditional transfer order. The parties' stipulations to continue the motions hearing, Case No. 15-cv-4282-HSG, Dkt. No. 43 and Case No. 15-cv-04295-HSG, Dkt. No. 40, are DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated: December 2, 2015

HAYWOOD S. GILLIAM, JR.
United States District Judge